1  BENJAMIN B. WAGNER
   United States Attorney
2  COLLEEN M. KENNEDY
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2826
   Facsimile: (916) 554-2900
5  colleen.m.kennedy@usdoj.gov

6  Attorneys for the United States



FILED
SEP 18 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:13-CV-00618-AWI-JLT |
| Plaintiff, | **STIPULATION OF DISMISSAL AND [~~PROPOSED~~] ORDER** |
| v. | |
| SOUTHERN CALIFORNIA EDISON COMPANY, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties to this action, through their designated counsel, that the above-captioned action shall be dismissed with prejudice pursuant to the attached Settlement Agreement, each party to bear its own attorneys' fees and costs. The Parties hereby request that the Court dismiss the above-styled case, Case No. 1:13-cv-00618, with prejudice by signing the attached order. The Clerk of the court is requested to enter this dismissal in the official docket.

Notwithstanding the entry of a dismissal herein, the United States District Court for the Eastern District of California (Anthony W. Ishii, District Judge) shall retain jurisdiction to enforce the terms of this Settlement Agreement and the Parties agree that this Court shall be the sole venue for any dispute arising hereunder.

Settlement Agreement and Stipulation; Order            1

| | | |
|---|---|---|
| 1 | Dated: September 16, 2013 | BENJAMIN B. WAGNER<br>United States Attorney |
| 2 | | |
| 3 | | By: /s/ *Colleen M. Kennedy*<br>COLLEEN M. KENNEDY<br>Assistant U.S. Attorney |
| 4 | | |
| 5 | Dated: September 16, 2013 | SOUTHERN CALIFORNIA EDISON COMPANY |
| 6 | | By: /s/ *Brian A. Cardoza*<br>BRIAN A. CARDOZA |
| 7 | | Attorney for Southern California Edison Company |

## ORDER

Case No. 1:13-cv-00618 is hereby DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

The Clerk of the Court is directed to enter this Order in the official docket.

Notwithstanding the entry of a dismissal herein, the Court (Anthony W. Ishii, District Judge) shall retain jurisdiction to enforce the terms of this Settlement Agreement.

IT IS SO ORDERED.

Dated: 9-18-13

UNITED STATES DISTRICT JUDGE

Settlement Agreement and Stipulation; Order        2

# SETTLEMENT AGREEMENT

## I. PARTIES

This Settlement Agreement ("Settlement Agreement") is entered into by and between (i) the United States of America ("United States"), acting through the United States Attorney's Office for the Eastern District of California, on behalf of the United States Department of Agriculture, Forest Service; and (ii) Southern California Edison Company ("SCE"). The United States and SCE are collectively referred to herein as "the Parties," and each is individually referred to as a "Party."

## II. PREAMBLE

As a preamble to this Settlement Agreement, the Parties agree to the following:

A. SCE is a California corporate utility operating power facilities in California, including within and adjacent to the Sequoia National Forest.

B. On April 26, 2013, the United States filed a civil action against SCE in the United States District Court for the Eastern District of California, captioned United States of America v. Southern California Edison Company, Case No. 1:13-cv-00618 ("the Action"). The Action alleges that SCE is liable to the United States for damages stemming from a fire known as the James Fire, which ignited on April 29, 2007, in Kern County, California, and spread to the Sequoia National Forest, burning approximately 1,350 acres, 1,320 of which were National Forest System lands.

C. In the Action, the United States alleges the James Fire ignited when the malfunction of an SCE power line caused an electrical fault that resulted in molten material falling to the ground below. The United States contends, among other things, that the James Fire

1

ignited as a proximate result of SCE's negligent acts and/or omissions, and that SCE is strictly liable for the damages caused by the James Fire under a Special Use Permit from the Forest Service pursuant to which SCE operated and maintained the power lines in question. The United States asserts, *inter alia*, separate causes of action for (i) strict liability under the Special Use Permit; (ii) liability under California Health & Safety Code §§ 13007 through 13009.1; (iii) negligence and negligence *per se* under 18 U.S.C. § 1856, 36 C.F.R. §§ 261.5(c) through (e) and 261.9(a), California Health and Safety Code § 13001, and California Public Resources Code §§ 4421 and 4422; (iv) trespass by fire; and (v) interest and penalties. The Action also seeks a declaratory judgment that California Health & Safety Code § 13009.2 violates the U.S. Constitution and is inapplicable to the case. The United States' claims and allegations against SCE as set forth herein shall hereinafter be referred to as the "Covered Conduct."

D.      This Settlement Agreement is not an admission of any negligence, wrongful conduct or liability by SCE, or a concession by the United States that its claims and allegations are not well-founded.

E.      To avoid the delay, uncertainty, inconvenience, and expense of litigation, the Parties mutually desire to reach a full and final settlement of this matter, pursuant to the Terms and Conditions set forth below.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, conditions, terms, and obligations set forth in this Settlement Agreement, the Parties agree to settle this matter as follows:

2

United States v. Southern California Edison Company
Case No. 1:13-cv-00618-AWI-JLT (E.D. Cal.)

## III. TERMS AND CONDITIONS

1. In consideration of the obligations of the Parties set forth in this Settlement Agreement, SCE agrees to pay the total sum of one million, eight hundred thousand dollars ($1,800,000.00) (the "Settlement Amount") to the United States. SCE shall pay the Settlement Amount in full to the United States by electronic funds transfer, pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of California, within thirty (30) days of the effective date of this Agreement as defined in paragraph 22 below.

2. Subject to the exceptions in Paragraph 3 below concerning excluded claims, in consideration of the obligations of SCE in this Settlement Agreement, and conditioned upon the full payment of the Settlement Amount, the United States (on behalf of itself, its officers, agents, agencies, and departments) hereby fully and finally releases SCE and its respective current and former officers, directors, shareholders, agents, attorneys, insurers, employees, partners, affiliates, representatives, predecessors, successors and assigns from any and all liability for any civil claims, including Unknown Claims as defined below, demands, obligations, actions, causes of action, damages, costs, losses, attorneys' fees, interest, penalties, and expenses, including any claims for compensatory damages, statutory damages, multiplied damages or punitive damages, which the United States has or may have arising from or related to the Covered Conduct.

3. Notwithstanding any term of this Settlement Agreement, specifically reserved and excluded from the scope and terms of this Settlement Agreement as to any entity or person, including SCE, are the following potential claims of the United States:

    a. Any civil, criminal, or administrative liability arising under Title 26, United States Code (Internal Revenue Code);

3

United States v. Southern California Edison Company
Case No. 1:13-cv-00618-AWI-JLT (E.D. Cal.)

Case 1:13-cv-00618-AWI-JLT   Document 11-1   Filed 09/16/13   Page 4 of 10

    b.    Any criminal liability;

    c.    Any claim by the United States (or its agencies) not arising out of or related to the Covered Conduct; and

    d.    Any liability based upon such obligations as are created by this Settlement Agreement.

    4.    In consideration of the obligations of the United States set forth in this Settlement Agreement, SCE hereby fully and finally releases the United States and its employees, servants, agents, agencies, and departments from any and all liability for any civil claims, including Unknown Claims as defined below, demands, obligations, actions, causes of action, damages, costs, losses, attorneys' fees, interest, and expenses, including any claims for compensatory or punitive damages, which SCE has or may have with respect to the Covered Conduct and/or the James Fire, including without limitation concerning the United States' investigation and litigation of its claims.

    5.    Within five (5) business days after delivery of the Settlement Amount to the United States Attorney's Office for the Eastern District of California, as set forth in Paragraph 1 of this Settlement Agreement, the Parties shall execute and file a stipulation of dismissal, through which the United States dismisses the Action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

    6.    Each Party to this Settlement Agreement shall bear its own costs, attorneys' fees, and other expenses incurred in any manner in connection with the investigation, litigation, and resolution of this matter, including the preparation and performance of this Settlement Agreement.

4

7. Except as provided in paragraphs 2 and 4, this Settlement Agreement is intended to be for the sole benefit of the Parties only. The Parties do not release any claims against any other person or entity not expressly released by this Settlement Agreement.

8. Each individual signing this Settlement Agreement on behalf of SCE represents and warrants that he or she has the power, consent, and authorization of SCE to execute this Settlement Agreement.

9. The individuals signing on behalf of the United States represent that they are signing this Settlement Agreement in their official capacities and that they are authorized to execute this Settlement Agreement.

10. Each Party represents and warrants that it has not transferred any claim being released under this Settlement Agreement, and is not aware of any such transfer, and that the Party is not aware of any prohibition of any type that prevents the Party from performing the terms of this Settlement Agreement.

11. Nothing in this Settlement Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of Title 26, United States Code (Internal Revenue Code).

12. This Settlement Agreement is binding on SCE's successors in interest, transferees, and assigns.

13. Each Party warrants that it has been represented by, and has sought and obtained the advice of, independent legal counsel with regard to the nature, purpose, and effect of this Settlement Agreement. The Settlement Agreement was negotiated by the Parties and their respective counsel, each of whom had the opportunity to participate in the drafting thereof. The

5

United States v. Southern California Edison Company
Case No. 1:13-cv-00618-AWI-JLT (E.D. Cal.)

Parties hereby declare that the terms of this Settlement Agreement have been completely read, fully understood, and voluntarily accepted following opportunity for review by legal counsel of their choice.

14. Each of the Parties warrants and represents that it freely and voluntarily enters into this Settlement Agreement without any degree of duress or compulsion whatsoever, after having been apprised of all relevant information and data by its legal counsel. Each of the Parties further warrants and represents that no other Party or its representative has made any promise, representation or warranty, express or implied, except as expressly set forth in this Settlement Agreement, and that no Party has relied on any inducements, promises, or representations made by any Party to this Settlement Agreement, or its representatives, or any other person, except as expressly set forth herein.

15. For purposes of construction, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement. The words of this Settlement Agreement shall not, therefore, be construed against any Party for that reason in any subsequent dispute, but shall be construed so as to effect their fair meaning, the Parties having waived the benefit of California Civil Code § 1654 and similar laws.

16. The Parties understand and acknowledge that if the facts and/or potential claims with respect to liability or damages regarding the matters released herein are found hereafter to be different from facts now believed by any Party to be true or claims now believed by any Party to be available ("Unknown Claims"), each Party expressly accepts and assumes the risks of such possible difference in facts and/or potential claims and agrees that this Settlement Agreement shall remain effective notwithstanding any such differences. In addition, each of the Parties

6

intends by this Settlement Agreement, and the releases contained herein, to release fully, finally and forever all Unknown Claims that arise out of or relate to the matters released herein. Accordingly, this Settlement Agreement, and the releases contained herein, shall remain in full force as a complete release of such Unknown Claims notwithstanding the discovery or existence of any such additional or different claims and/or facts before or after the date of this Settlement Agreement. Each of the Parties hereby waives any and all rights or benefits that any of them may have under Section 1542 of the Civil Code of the State of California, or any comparable provision under the law of any state, territory or country. Section 1542 of the California Civil Code provides that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding the foregoing waiver of California Civil Code Section 1542, the releases provided in this Settlement Agreement are of claims, including Unknown Claims, that arise from or relate to the Covered Conduct, as described in paragraphs 2 through 4, above. This paragraph is not intended to and does not create a general release as to all claims or potential claims between the Parties regarding matters unrelated to or not arising from the Covered Conduct.

17. The Parties consent to the public disclosure of this Settlement Agreement, and of information about the Action and this Settlement Agreement.

18. This Settlement Agreement constitutes the complete agreement between the Parties, and supersedes and replaces all prior negotiations and agreements, whether written or

7

oral, regarding the resolution of the claims between the Parties with respect to the subject matter hereof.

19. This Settlement Agreement may be executed in counterparts, each of which constitutes an original and all of which taken together shall constitute one valid and binding Settlement Agreement between the Parties.

20. This Settlement Agreement may not be altered, amended, or modified, except by a writing duly executed by authorized representatives of all Parties.

21. This Settlement Agreement is governed by the laws of the United States. The Parties agree that, should any judicial action be required to enforce or interpret this Settlement Agreement, or to resolve any dispute hereunder, the exclusive jurisdiction and venue for such action shall be in the United States District Court for the Eastern District of California.

22. This Settlement Agreement is effective, final, and binding as of the date of signature of the last signatory to the Settlement Agreement. Transmittal and receipt of facsimiles or PDF versions of signatures shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

23. All Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

//

//

//

8

United States v. Southern California Edison Company
Case No. 1:13-cv-00618-AWI-JLT (E.D. Cal.)

24. The statements set forth in Sections I and II of this Settlement Agreement are incorporated by reference herein as if set forth in full.

**THE UNITED STATES**

Dated: 9/13/13

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Colleen M. Kennedy
Colleen M. Kennedy
Assistant United States Attorney
Attorneys for the United States

**SOUTHERN CALIFORNIA EDISON COMPANY**

Dated: _____

_____
Southern California Edison Company
By:
Its:

APPROVED AS TO FORM

Dated: _____          By: _____
                                    Brian A. Cardoza
                                    Attorney for Southern California Edison Company

9

United States v. Southern California Edison Company
Case No. 1:13-cv-00618-AWI-JLT (E.D. Cal.)

24. The statements set forth in Sections I and II of this Settlement Agreement are incorporated by reference herein as if set forth in full.

### THE UNITED STATES

Dated: _____

BENJAMIN B. WAGNER
United States Attorney

By: _____
Colleen M. Kennedy
Assistant United States Attorney
Attorneys for the United States

### SOUTHERN CALIFORNIA EDISON COMPANY

Dated: Sept 13 2013

Southern California Edison Company
By: J. Eric Iveken
Its: Assistant General Counsel

### APPROVED AS TO FORM

Dated: Sept 13, 2013

By: _____
Brian A. Cardoza
Attorney for Southern California Edison Company

9